UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs. | § | NO:  PE:20-CR-00056(1)-DC |
| | § | PE:22-CV-00032 |
| (1) DOMINGO CRUZ-MIGUEL | § | |

### ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING CERTIFICATE OF APPEALABILITY

Before the court are Movant Domingo Cruz-Miguel's Motion to Vacate [docket number 31], and the Government's Response [docket number 37], which were referred to the United States Magistrate Judge for findings and recommendations pursuant to 28 U.S.C. §636(b), Federal Rule of Civil Procedure 72, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, as amended.  The Magistrate Judge filed his Report and Recommendation on March 14, 2023, recommending that this Court deny the motion. [docket number 38].

Pursuant to 28 U.S.C. §636(b) and Rule 72(b) of the Federal Rules of Civil Procedure, a party may serve and file specific, written objections to the proposed findings and recommendations of the magistrate judge within 14 days after being served with a copy of the report and recommendation, and thereby secure a *de novo* review by the District Court.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation in a report and recommendation bars that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See Douglass v. United Services Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).

The parties in this cause were properly notified of the consequences of a failure to file objections. No party has filed objections to the findings of fact and conclusions of law in the Report and Recommendation and the time to do so has now passed. As *de novo* review has not been triggered, this Court will conduct a review under the clearly erroneous or contrary to law standards.

The Court has reviewed the R&R and finds it to be neither clearly erroneous nor contrary to law. *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir.), *cert. denied*, 492 U.S. 918 (1989). Accordingly, the Court accepts the Magistrate Judge's R&R [docket number 38] and Movant's §2255 is denied and dismissed with prejudice.

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. §2253. *See* Fed. R. App. P. 22 (b). Rule 11 of the Rules Governing §2255 Proceedings requires the Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing §2255 Proceedings in the United States District Courts, Rule 11(a) (December 1, 2009). This Court may only issue a COA if "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). A movant satisfies this standard by showing "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists of reason could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 326 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

A district court may deny a COA, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 898, 898 (5th Cir. 2000). Upon review and consideration of the record on whether Movant has made a showing that reasonable jurists would

question this Court's rulings, the Court determines that he has not and that a COA should not issue for the reasons stated in this Order. The Court therefore denies a COA.

For the foregoing reasons, this Court now **ADOPTS** the Report and Recommendation of the Magistrate Judge [docket number 38], **DENIES** and **DISMISSES WITH PREJUDICE** Movant's §2255 [docket number 31], and **ORDERS** that a COA will not issue in this case.

It is so **ORDERED.**

SIGNED this 24th day of April, 2023.

_____
DAVID COUNTS
UNITED STATES DISTRICT JUDGE